### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-00182-JD |
| ) | |
| JUAN JOSE CRUZ OLIVAS, ) | |
| EDGAR DELVAL LARRANAGA, ) | |
| ALEJANDRA ROMERO ARELLANO, ) | |
| and JESUS ANTONIO BONILLA ) | |
| MAGALLANES, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Before the Court is Defendant Edgar Delval Larranaga's Amended Unopposed Motion to Continue Trial Setting and Other Deadlines ("Motion"). [Doc. No. 91]. Co-defendants Juan Jose Cruz Olivas, Alejandra Romero Arellano, and Jesus Antonio Bonilla Magallanes join in the Motion. [Doc. Nos. 92, 94, and 96]. The Motion requests that the Court continue the trial of this case from the June 2023 jury trial docket to the September 12, 2023 jury trial docket and find the continuance excludable under the Speedy Trial Act.

For the reasons stated below, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Accordingly, the Court GRANTS the Motion to continue the trial setting and will separately enter an amended order with

modified pretrial submission deadlines that correspond to the Court's September 12, 2023 jury trial docket to allow for consideration of pretrial submissions in advance of trial.

## BACKGROUND

On May 3, 2023, a federal grand jury returned a 3-Count Indictment against all Defendants. [Doc. No. 71]. All Defendants were arraigned on May 10, 2023 (Olivas as to Counts 1, 2, and 3, Larranaga as to Counts 1 and 2, Arellano as to Counts 1, 2, and 3, and Magallanes as to Counts 1 and 3) on the 3-Count Indictment. [Doc. Nos. 76, 80, 84, and 85]. All defendants entered a plea of not guilty on all counts charged against them and were set on the Court's June 2023 trial docket. [Doc. Nos. 76, 80, 84, 85, and 89]. This all followed a Complaint and Initial Appearance Hearings as to all Defendants. [Doc. Nos. 1, 9, 18, 24, and 31]. Additionally, Preliminary Hearings were held as to Magallanes, Olivas, and Larranaga. [Doc. Nos. 60, 65, and 69].

The Motion seeks a continuance to allow counsel for all defendants adequate time to receive and review discovery. Additionally, the Motion states some of defense counsel have previously scheduled trial commitments for the month of June which would cause difficulty to adequately prepare in the time presently available. Motion at 1. The government does not oppose the request by defendants. [*Id.* at 2]. Co-defendants Olivas, Arellano, and Magallanes have joined in the Motion. [Doc. Nos. 92, 94, and 96]. Additionally, all defendants have signed a Waiver of Right to Speedy Trial [Doc. Nos. 91-1, 92-1, 93, and 97], acknowledging and waiving their rights to a speedy trial for the requested continuance.

## DISCUSSION

The relevant provisions of the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), exclude from the speedy-trial calculation any period of delay resulting from a continuance granted by any judge on the judge's own motion or at the request of either or both parties and their counsel if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial. The Court must "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(A)). The Speedy Trial Act gives the Court some discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006).

The Court finds that the Motion presents case-specific needs that justify the requested continuance to the Court's September 12, 2023 jury trial docket and that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).[1] The limited continuance is necessary to allow counsel adequate time to prepare in the exercise of due diligence for the reasons stated in the Motion.

In making these findings, the Court has considered the following factors, among others:

---

[1] The Act also excludes delay resulting from the Court's consideration and disposition of the Motion, and the Court excludes this delay between the filing of the Motion on May 22, 2023 (joined by co-defendants on May 26, 30, and 31, 2023) and this Order. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

(i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section;

(iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; and

(iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Based on the showing in the Motion, which is unopposed by the government, the Court finds that failure to grant the requested continuance would deny defendants' counsel the reasonable time necessary for effective preparation considering the exercise of due diligence, and that the delay is necessary for the defendants and their counsel to prepare a proper and adequate defense. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The delay resulting from the requested continuance is excludable under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) based on the Court's finding herein that the "ends of justice served by granting of such continuance outweigh the best interests of the public and the

4

defendant in a speedy trial." *See Zedner*, 547 U.S. at 499 (Speedy Trial Act gives the Court discretion to "accommodate limited delays for case-specific needs").

In discharge of its duty to protect the defendants' constitutional rights to a speedy trial under the Sixth Amendment, the Court also considers: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his or her right to a speedy trial; and (4) whether the delay will prejudice the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Analyzing these factors, the Court finds that the reasonable and limited delay in bringing this case to trial is justified for the reasons articulated in the Motion.

The Court is aware of no circumstances that would suggest that the delay contemplated by this Order will prejudice either of the defendants. To the contrary, they have requested this delay as being in their best interests. [*See* Doc. Nos. 91-1, 92-1, 93, and 97]. However, the Court expresses its expectation and confidence that the government and its agents will take no action during this limited delay that would impair the defendants' rights to effective assistance of counsel and to a fair trial. The Court advises the parties of its expectation that counsel will promptly bring to the Court's attention any actual or impending developments or circumstances that would, as a result of this delay, jeopardize either of the defendants' constitutional or statutory rights.

## CONCLUSION

For the reasons stated above, the Court **CONTINUES** the trial of the above-captioned matter (23-CR-00182-JD) to the Court's **September 12, 2023** trailing jury trial docket. The Court will separately issue an amended order placing this case on the Court's

September 2023 trial docket and ordering motions and pretrial deadlines. **Should Olivas, Larranaga, Arellano, and/or Magallanes reach a plea agreement or decide to plead guilty, counsel shall promptly notify the Court so that a plea hearing may be held and this matter stricken from the Court's September 2023 trial docket.**

IT IS SO ORDERED this 9th day of June 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE